IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ROBERT HAMILTON, | : |
| Petitioner, | : |
| v. | : Civil Action No. 12-1314-RGA |
| STATE OF DELAWARE, | : |
| Respondent. | : |

### MEMORANDUM

In 1996, a Delaware Superior Court jury convicted petitioner James Robert Hamilton of two charges of first degree unlawful sexual contact. (D.I. 1) The Delaware Superior Court sentenced Hamilton to one year of incarceration, followed by three years at Level 3 probation. Hamilton was also sentenced to a lifetime registration requirement as a Tier 3 Sex Offender. *Id.* at 13.

In October 2012, Hamilton filed in this court a form application for federal habeas relief pursuant to 28 U.S.C. § 2254 ("petition"). (D.I. 1) Specifically, Hamilton asks the court to "overturn" his 1996 conviction and sentence, primarily because he received an unfair trial. *Id.* at 5-13.

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254. This is such a case. As a general rule, a federal district court only has jurisdiction over a habeas application when the petitioner is in custody pursuant to the

state court judgment "he is attacking at the time the habeas petition is filed." *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003); 28 U.S.C. § 2254(a). Here, Hamilton explicitly concedes that he is not presently confined pursuant to the sentence imposed for his 1996 conviction. In addition, the court does not view Hamilton's lifetime Tier 3 sex offender registration requirement as rendering him in "custody" for federal habeas purposes.[1]

Accordingly, the court will summarily dismiss Hamilton's petition for lack of jurisdiction, and will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011). A separate order follows.

December 17, 2012
DATE

UNITED STATES DISTRICT JUDGE

---

[1] Although not yet addressed by the Court of Appeals for the Third Circuit, every court that has considered the issue has held that a petitioner challenging a state's sex offender registration requirement who has completed his sentence does not satisfy the "in custody" requirement of 28 U.S.C. § 2254. *See Williams v. Dist. Att'y Allegheny County*, 2010 WL 4388073, at **7-8 (W.D. Pa. Oct. 29, 2010) (collecting cases).

2